UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH SINCLAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN JOSE UNIFIED SCHOOL DISTRICT BOARD, et al.,<br><br>Defendants. | Case No. 20-CV-02798-LHK<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 55, 61 |

The Fellowship of Christian Athletes ("FCA") and two of its former student members, Elizabeth Sinclair and Charlotte Klarke (collectively, "Plaintiffs"), allege that officials acting on behalf of the San Jose Unified School District ("Defendants") discriminated against Plaintiffs' religious viewpoint and unlawfully derecognized FCA's student groups.

Before the Court are two related motions: (1) Plaintiffs' motion for leave to amend the complaint and thus to file the Third Amended Complaint, ECF No. 55 ("Motion" or "Mot."); and (2) Defendants' motion to dismiss the second amended complaint, ECF No. 61. Having considered the parties' submissions; the relevant law; and the record in this case, the Court (1) GRANTS Plaintiffs' motion for leave to file the Third Amended Complaint; and (2) DENIES as moot

1

Case No. 20-CV-02798-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants' motion to dismiss the second amended complaint.

## I. BACKGROUND

### A. Factual Background

In the second amended complaint ("SAC"), Plaintiffs are FCA—an international religious ministry with student groups nationwide—and two former high school students, Elizabeth Sinclair and Charlotte Klarke, who were members of FCA but have since graduated. SAC ¶¶ 24–27, ECF No. 54. Defendants are officials allegedly acting on behalf of the San Jose Unified School District ("the District"): Superintendent Nancy Albarrán; Principal Herbert Espiritu of Pioneer High School ("Pioneer"); and Peter Glasser, a teacher at Pioneer. SAC at 1. All Defendants are sued in both their official and personal capacities. *Id.*

In the SAC, Plaintiffs allege that "Defendants have revoked recognition of student groups affiliated with FCA, taking away benefits previously enjoyed by the students in those groups and that continue to be enjoyed by other noncurriculum-related student groups, and have knowingly allowed and facilitated harassment of such students." *Id.* ¶ 1. *See generally Roe v. San Jose Unified Sch. Dist. Bd.*, No. 20-CV-02798-LHK, 2021 WL 292035, at *1–4 (N.D. Cal. Jan. 28, 2021) (detailing Plaintiffs' allegations). Specifically, Plaintiffs alleged discrimination against their religious viewpoints—particularly the viewpoints in FCA's Sexual Purity Statement. *Id.* at *2. That Statement, which FCA's student leaders sign, provides in relevant part that "neither heterosexual sex outside of marriage nor any homosexual act constitute an alternative lifestyle acceptable to God." *Id.* In response to the Sexual Purity Statement, Defendants allegedly derecognized FCA's high school student groups and allowed other students to harass FCA members. *Id.* at *3–4.

In the proposed Third Amended Complaint ("TAC"), Plaintiffs add two parties: FCA's student chapter at Pioneer ("Pioneer's FCA Chapter") as a Plaintiff, and the District's Deputy Superintendent Stephen McMahon as a Defendant. Mot. at 3. The TAC alleges that Pioneer's FCA Chapter has faced "the same illegal and unconstitutional derecognition and harassment that

2
Case No. 20-CV-02798-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiffs have raised since the initiation of this suit." *Id.*; *see, e.g.*, TAC ¶¶ 2, 62, 70, 118, ECF No. 55 (detailing Defendant's alleged conduct against Pioneer's FCA Chapter). As for McMahon, the TAC alleges that he was "delegated authority over the recognition of student groups and directedly participated in or enforced the decision to derecognize the Student FCA Chapters." TAC ¶ 73. The TAC seeks to add these two parties so that Plaintiffs may "seek prospective relief arising under the already alleged facts and theories of law." Mot. at 5. The TAC does not add any causes of action.

### B. Procedural History

On April 22, 2020, Plaintiffs filed suit. ECF No. 1. On May 19, 2020, Plaintiffs filed the First Amended Complaint ("FAC"). ECF No. 14. The FAC, like the SAC and proposed TAC, pled 12 related claims alleging violations of Plaintiffs' rights to free speech, free expressive association, free exercise, and equal protection. Specifically, Plaintiffs claimed that Defendants (1) violated the Equal Access Act, 20 U.S.C. §§ 4071 *et seq.*; (2) committed viewpoint discrimination; (3) violated Plaintiffs' right of expressive association; (4) violated Plaintiffs' right to free exercise of religion and generally available benefits; (5) targeted Plaintiffs' religious beliefs; (6) violated FCA's internal autonomy; (7) committed denominational discrimination; (8) demonstrated hostility toward religion; (9) denied Plaintiffs equal protection of the laws under the Fourteenth Amendment; (10) compelled Plaintiffs' speech; (11) imposed unconstitutional conditions on benefits; and (12) retaliated against Plaintiffs' exercise of constitutional rights. FAC ¶¶ 122–238 (listing 12 claims); *accord, e.g.*, TAC ¶¶ 156–304 (same causes of action).

In all three complaints, Plaintiffs brought all 12 claims under 42 U.S.C. § 1983's private right of action. *See, e.g.*, TAC ¶¶ 156–304 (citing 42 U.S.C. § 1983). In all three complaints, all claims prayed for injunctive relief, declaratory relief, and damages. *Id.* at 64 (prayer for relief).

On August 10, 2020, Defendants moved to dismiss the FAC. ECF No. 25. On January 28, 2021, the Court granted in part and denied in part Defendants' motion to dismiss the FAC. *See Roe*, 2021 WL 292035, at *19 (summarizing holdings). Specifically, the Court issued five rulings:

3

Case No. 20-CV-02798-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT

(1) Plaintiffs Jane Doe and Jessica Roe could not sue pseudonymously; (2) the Court lacked jurisdiction over claims for prospective relief, largely because Doe and Roe had already graduated; (3) Defendants in their official capacities are not suable "persons" under 42 U.S.C. § 1983; (4) Defendants' nondiscrimination policies are facially valid under binding precedent; but (5) Plaintiffs adequately alleged as-applied monetary claims against Defendants in Defendants' personal capacities. Ultimately, the Court granted leave to amend as to "[a]ll of FCA's claims for prospective relief." *Id.* at *19. The Court further instructed that "Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15." *Id.*

On February 18, 2021, Plaintiffs filed both the SAC and the instant Motion for leave to file the TAC. ECF Nos. 54 (SAC), 55 (Motion). On March 4, 2021, Defendants filed their opposition to the Motion. ECF No. 59. On March 11, 2021, Plaintiffs filed their reply in support of the Motion. ECF No. 60.

On March 18, 2021, Defendants moved to dismiss the SAC. ECF No. 61. Plaintiffs filed their opposition on April 8, 2021. ECF No. 64. Defendants filed their reply on April 22, 2021. ECF No. 70.

## II. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Defendant moves for leave to amend the complaint and thus to file the Third Amended

4

Case No. 20-CV-02798-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Complaint ("TAC"). The TAC adds two parties: Pioneer High School's ("Pioneer") Fellowship of Christian Athletes Chapter as a Plaintiff, and Deputy Superintendent Stephen McMahon as a Defendant. Mot. at 3.

For context, both the original April 22, 2020 complaint and the May 19, 2020 first amended complaint ("FAC") named the Fellowship of Christian Athletes—the parent organization of Pioneer's Fellowship of Christian Athletes Chapter—as a Plaintiff. On January 28, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the FAC, and in doing so, dismissed the Fellowship of Christian Athletes ("FCA") with leave to amend for failure to plead organizational standing. On February 18, 2021, Plaintiffs filed the second amended complaint ("SAC") and the instant motion for leave to amend the complaint and thus to file the Third Amended Complaint ("Motion") simultaneously. The TAC not only keeps FCA as a Plaintiff, but also adds Pioneer's FCA Chapter as a Plaintiff and McMahon as a Defendant.

Defendants oppose Plaintiffs' Motion on three grounds. First and primarily, Defendants argue that granting leave to amend would unduly prejudice Defendants. Second, Defendants argue that adding McMahon as a Defendant is unnecessary. Third, Defendants argue that amendment is futile.

The Court analyzes Defendants' arguments below and holds that each lacks merit. Thus, the Court grants Plaintiffs' Motion. Moreover, because Plaintiffs will file a TAC, the Court denies as moot Defendants' motion to dismiss the SAC. "Deny[ing] the pending motion to dismiss as moot . . . is the preferred course where the amended complaint requires leave of court." *In re Madison Asset LLC*, No. 1:20-CV-10299-MKV, 2021 WL 1894032, at *2 (S.D.N.Y. May 11, 2021) (quoting *Rheaume v. Pallito*, No. 2:15-CV-135-WKS-JMC, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015), *report and recommendation adopted*, 2015 WL 7302236 (D. Vt. Nov. 18, 2015)).

**A. Granting leave to amend would not unduly prejudice Defendants.**

Defendants argue that granting leave to amend would unduly prejudice Defendants in three ways. First, in Defendants' view, "[a]dding McMahon and [Pioneer's FCA Chapter] as parties to

5

this case will require Defendants to incur additional expense, including in deposing current or future members or leaders of [Pioneer's FCA Chapter]." Opp'n at 4. Second, Defendants assert that adding Pioneer's FCA Chapter as a Plaintiff will "impede Defendants' ability to defend themselves." *Id.* at 5. Specifically, Defendants allege that Plaintiffs "have taken the unusual position of asserting that District employees serving as faculty advisors for FCA clubs in District schools are FCA agents with whom the District's counsel is not to have contact." *Id.* Third, Defendants argue that "adding a new plaintiff almost a year into the litigation is prejudicial as the Defendants have already brought a motion to dismiss Plaintiffs' claims." *Id.* at 6.

The Court disagrees. Defendants would not be unduly prejudiced by amendment. Compelling this conclusion are the lenient legal standard for granting amendment coupled with the disputable merits of Defendants' arguments. As to the legal standard, courts must grant leave to amend "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). In applying this lenient standard, courts weigh many factors, of which "undue prejudice" is one. *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Specifically, the Ninth Circuit has instructed that amendment should be granted "with extreme liberality" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* at 1052 (first quoting *Owens*, 244 F.3d at 712, then quoting *Foman*, 371 U.S. at 182). Importantly here, "liberality in granting leave to amend is *not* dependent on whether the amendment will add causes of action *or parties*." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (emphasis added).

None of Defendants' three arguments shows that Defendants would be unduly prejudiced. The Court analyzes each argument in turn, starting with Defendants' argument on additional discovery expenses. First, "courts have generally held that the need for additional discovery is insufficient by itself to deny a proposed amended pleading." *Tele Atlas N.V. v. NAVTEQ Corp.*, No.

6

05-CV-01673-RMW, 2007 WL 9711548, at *2 (N.D. Cal. Mar. 29, 2007); *accord, e.g.*, *U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.").

Defendants' cited case on discovery, *Jackson v. Bank of Hawaii*, is inapposite. Opp'n at 5 (citing 902 F.2d 1385, 1387–88 (9th Cir. 1990)). There, plaintiffs not only raised "additional claims," but also "advance[d] different legal theories and require[d] proof of different facts." *Jackson*, 902 F.2d at 1387. Here, by contrast, Plaintiffs' proposed amendments do not unduly prejudice Defendants. Plaintiffs do not add any claims, let alone claims that advance different legal theories and require proof of different facts. Instead, Plaintiffs merely seek to add two parties to the case: one Plaintiff and one Defendant. The additional Plaintiff, Pioneer's FCA Chapter, has been at the core of this case long before the filing of the instant Motion. As detailed in the FAC— and the Court's order granting in part the motion to dismiss the FAC—"Pioneer's FCA club" was a target of Defendants' allegedly unlawful conduct. *Roe*, 2021 WL 292035, at *2 (detailing allegations). Specifically, the FAC alleged that "Principal Espiritu informed the student leaders of Pioneer's FCA club that the high school would no longer recognize the club" and that "Espiritu met with two FCA student leaders [at Pioneer]" to explain his decision. *Id.*

Defendants respond that Plaintiffs should have named Pioneer's FCA Chapter as a Plaintiff long ago. Opp'n at 2. However, this delay does not warrant denying leave to amend. For one, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs*, 833 F.2d at 187. For another, Plaintiffs add Pioneer's FCA Chapter to cure the organizational standing defects identified in the Court's order granting in part the motion to dismiss the FAC. *See* Reply at 7–8 (explaining amendment). In that order, the Court granted leave to amend so that FCA—the parent organization of Pioneer's FCA Chapter—could plead "additional allegations that support FCA's organizational standing." *Roe*, 2021 WL 292035, at *12. Plaintiffs accordingly ask for a natural extension of the Court's leave to amend: the addition of the

7

Case No. 20-CV-02798-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT

FCA student organization most intertwined in the allegations of this case. On the record here, Plaintiffs' request is not unduly prejudicial.

Illustrating the absence of undue prejudice is the identity of two student leaders who led Pioneer's FCA Chapter. Those two student leaders—former co-presidents of Pioneer's FCA Chapter—have been Plaintiffs since this case's inception. At first suing pseudonymously as Jessica Roe and Jane Doe, Plaintiffs Elizabeth Sinclair and Charlotte Klarke have since publicly disclosed their names in the SAC. SAC ¶ 62 (disclosing the Plaintiffs who met with Espiritu); TAC ¶ 65 (same). Defendants have already deposed Klarke and investigated Pioneer's FCA Chapter during that deposition. *See, e.g.,* Klarke Dep. Tr. at 19:17–21:20, ECF No. 59-1 (deposition testimony about membership in Pioneer's FCA Chapter). Given all this—the longstanding focus of the case and already completed discovery—the additional cost of "deposing current or future members or leaders of [Pioneer's FCA Chapter]" will not be unduly prejudicial. Opp'n at 4.

Similarly, the proposed additional Defendant, Deputy Superintendent McMahon, has also been in this case long before the filing of the instant Motion. To support Defendants' motion to dismiss the FAC, McMahon filed a declaration under penalty of perjury "based on [his] own personal knowledge" about FCA's Student Leader Application and FCA's Statement of Sexual Purity. McMahon Decl. ¶¶ 1, 13, ECF No. 25-2. McMahon later filed another declaration in support of Defendants' reply in support of the motion to dismiss. ECF No. 31-1. Given that McMahon has already filed two declarations in this case, it is doubtful that adding McMahon as a Defendant would impose undue discovery burdens on Defendants. Indeed, Defendants fail to explain how adding McMahon would "require Defendants to incur additional expense." Opp'n at 4. Defendants simply assert this expense without citation or elaboration. All told, Defendants' first argument for undue prejudice is unpersuasive.

Defendants next argue that adding Pioneer's FCA Chapter as a Plaintiff will "impede Defendants' ability to defend themselves." *Id.* at 5. Specifically, Defendants allege that Plaintiffs have instructed Defendants to not contact "District employees serving as faculty advisors" to

8

Pioneer's FCA Chapter. *Id.* For support, Defendants cite an email thread in which the parties' counsel dispute whether *Plaintiffs'* counsel may communicate with District employees. Opp'n Ex. 3, ECF No. 59-1. In that email thread, Defendants' counsel argued that Plaintiffs' counsel could not contact District employees who advise FCA student chapters. *Id.* Yet it is not apparent from the email that Plaintiffs have instructed *Defendants* to refrain from contacting the District's employees. *Id.*

Moreover, if there were any doubt as to Plaintiffs' intentions, Plaintiffs dispel it. On reply, Plaintiffs expressly represent that "Plaintiffs have taken no action to prevent Defendants' counsel from speaking with [District] faculty, including those who also serve or have served as FCA Advisors," and that such action would be inappropriate. Reply at 13–14. Thus, Defendants' second argument for undue prejudice also lacks merit.

Defendants' last argument for undue prejudice is that "adding a new plaintiff almost a year into the litigation is prejudicial[,] as the Defendants have already brought a motion to dismiss Plaintiffs' claims." *Id.* at 6. Yet the Ninth Circuit has held that up to a "delay of nearly *two* years" is "not *alone* enough to support denial" of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (emphasis added). Consequently, on the record here, amendment after one year of litigation is not unduly prejudicial. As explained above, the addition of Pioneer's FCA Chapter is non-prejudicial because the Chapter has been intertwined with the existing allegations, claims, and parties in this action. Furthermore, Plaintiffs filed the Motion at the earliest opportunity (that is, concurrently with the SAC) and before any depositions had been taken. Reply at 6. Thus, Defendants' last argument for undue prejudice is also unavailing.

In sum, granting Plaintiffs leave to amend would not unduly prejudice Defendants.

**B. Adding McMahon as a Defendant is not "unnecessary."**

Defendants' next argument against amendment is that "adding McMahon as a Defendant is unnecessary." Opp'n at 6. This argument lacks merit for two reasons. To start, the asserted "unnecessariness" of a proposed party is not a reason to deny amendment. Rather, as recounted in

9

Section III-A *supra*, the Ninth Circuit has instructed that amendment should be granted "with extreme liberality" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Eminence Cap.*, 316 F.3d at 1052 (first quoting *Owens*, 244 F.3d at 712, then quoting *Foman*, 371 U.S. at 182). Put simply, "liberality in granting leave to amend is *not* dependent on whether the amendment will add causes of action *or parties*." *DCD Programs*, 833 F.2d at 186 (emphasis added).

In addition, McMahon may not be "unnecessary." The TAC alleges that McMahon is, in fact, an important if not necessary party. McMahon allegedly "has been delegated authority over the recognition of student groups and directly participated in or enforced the decision to derecognize the Student FCA Chapters." TAC ¶ 73. The TAC further alleges "McMahon had actual notice of the District's" unlawful conduct "no later than January 2020" but took no remedial action. TAC ¶ 134. Thus, "McMahon has been identified as one of two District-level officers, the other being Superintendent Albarrán, directly involved in the decision to revoke and deny recognition to student groups affiliated with FCA." Reed N. Smith Decl. ¶ 4, ECF No. 55-1; *see, e.g.*, TAC ¶ 21 (linking Albarrán and McMahon).

Defendants respond that "there is no remedy that can be obtained from McMahon that cannot be obtained from the existing [D]efendants." Opp'n at 6. Specifically, Defendants argue that (1) damages are unavailable from McMahon because the TAC's allegations against him are conclusory; and (2) Superintendent Albarrán could provide any non-monetary prospective relief. *Id.* Yet even if damages are unavailable from McMahon—a conclusion Plaintiffs dispute, *see* Reply at 9 (citing TAC ¶¶ 73, 106–07)—Defendants' argument falls short as to prospective relief. The only authority Defendants cite on this argument is inapposite. In Defendants' cited case, *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department*, the Ninth Circuit set forth a permissive rule: "[w]hen both a municipal officer *and a local government entity* are

named, and the officer is named only in an official capacity, the court *may* dismiss the officer as a redundant defendant." 533 F.3d 780, 799 (9th Cir. 2008) (emphasis added) (citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)). This rule stems from the idea that an official capacity suit against both an officer and a municipality may be "possibly confusing to the jury" because an officer in her official capacity *is* functionally the municipality. *Busby*, 931 F.2d at 776. Here, by contrast, the TAC does not name a local government entity. *See, e.g.*, TAC at 1 (listing parties). The TAC instead names only the District's *officials* in their personal and official capacities. *Id.* Thus, there is no risk of a jury confusing "a municipal officer and a local government entity." *Ctr. For Bio-Ethical Reform*, 533 F.3d at 799.

Accordingly, Defendants' argument that McMahon is "unnecessary" is neither a reason to deny amendment nor an accurate characterization of the TAC.

### C. Amendment is not futile.

Lastly, Defendants argue that adding Pioneer's FCA Chapter as a Plaintiff would be futile. Opp'n at 7–11. Specifically, Defendants argue that adding Pioneer's FCA Chapter "does not cure either the [1] standing or [2] mootness problem FCA has." *Id.* at 7. Yet, based on Defendants' arguments here, neither standing nor mootness concerns outweigh the Court's "extreme liberality" in granting leave to amend in the absence of delay, bad faith, dilatory motive, failure to cure prior deficiencies, or undue prejudice. *See id.* at 1052 (listing factors from *Foman*, 371 U.S. at 182). Indeed, "denial of a motion for leave to amend on the ground of futility 'is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 3149297, at *4 (N.D. Cal. July 25, 2017) (quoting *Klarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)). In other words, Defendants must make a "strong showing" of futility to defeat the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis in original).

The Court addresses standing and mootness in turn. To start, Defendants argue that

11

Case No. 20-CV-02798-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Pioneer's FCA Chapter is too "amorphous" to support standing for prospective relief. Opp'n at 10–11. Specifically, Defendants argue that FCA has no definition of, or standard for, membership. Yet because "Plaintiff[s] will be given leave to amend, the Court need not reach the question of standing." *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045 (N.D. Cal. 2014); *accord, e.g.*, *Outlaw Lab'y, LP v. Shenoor Enter., Inc.*, 371 F. Supp. 3d 355, 362 (N.D. Tex. 2019) (holding same); *Julius Realty Corp. v. Thompson*, No. 20-CV-04575-MAS, 2020 WL 2539188, at *2 n.3 (D.N.J. May 19, 2020) (same). The Court need only note that the TAC's proposed allegations meet the "extreme[ly] liberal[]" standard for amendment. *Eminence Cap.*, 316 F.3d at 1052 (quoting *Owens*, 244 F.3d at 712). Namely, Plaintiffs have identified three asserted members of Pioneer's FCA Chapter that allegedly suffer harm: minors L.W., B.W., and N.M. TAC ¶¶ 29, 47, 85. According to Plaintiffs, these three members "have been and continue to be subject to the derecognition, discrimination, and harassment described [in the TAC]." *Id.* ¶ 29. Whether these allegations show organizational standing is an issue the Court reserves for any motion to dismiss the TAC.

As for mootness, Defendants argue that Pioneer's FCA Chapter cannot seek prospective relief for two reasons. Defendants' first reason is that Defendants have allegedly recognized Pioneer's FCA Chapter as a student group for the 2020–21 school year. Opp'n at 7. Defendants' other reason is that "there are currently no demonstrations regarding the FCA, nor have there been any since the school site shut down in March 2020 due to the COVID-19 pandemic." *Id.*

Neither of Defendants' proffered reasons makes a "strong showing" of mootness. *Eminence Cap.*, 316 F.3d at 1052. First, even if Defendants recognized Pioneer's FCA Chapter—something "which Plaintiffs vigorously dispute"—Defendants' act of recognition was merely voluntary. Reply at 10. "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). Thus, to prove

12

1  that mootness results from Defendants' voluntary recognition of Pioneer's FCA Chapter,

2  Defendants must "bear[] a 'heavy burden.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw*

3  *Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Defendants fail to "strong[ly] show[]" that they have borne that "heavy burden" here. *Eminence Cap.*, 316 F.3d at 1052. To the contrary, Defendants have allegedly started to require student groups to sign "a newly created ASB Affirmation Form" that may ultimately result in the derecognition of Pioneer's FCA Chapter once more. *See, e.g.*, TAC ¶¶ 145–46. Accordingly, for the limited purposes of a motion to amend, Plaintiffs sufficiently allege that "a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Rosebrock*, 745 F.3d at 971 (quoting *Knox*, 567 U.S. at 307).

Second, as Defendants concede, protests against FCA have ceased largely because school sites have closed in response to the COVID-19 pandemic. Opp'n at 7. Plaintiffs allege that once schools reopen, "there is a reasonable expectation that the same complaining party [*i.e.*, Plaintiffs] will be subject to [protests] again." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Plaintiffs namely allege a "reasonable expectation that such protests will resume when in-person classes resume, at least in part because of the encouragement of student protests by faculty and staff and the harassment as described [in the TAC]." TAC ¶ 87. Given this alleged "reasonable expectation" of recurring protests, Pioneer's FCA Chapter may meet another exception to mootness: the exception for "a controversy that is 'capable of repetition, yet evading review.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

In sum, Defendants' arguments against standing and mootness fail to overcome the Court's "extreme liberality" in granting leave to amend in the absence of delay, bad faith, dilatory motive, failure to cure prior deficiencies, or undue prejudice. *Eminence Cap.*, 316 F.3d at 1052 (quoting *Owens*, 244 F.3d at 712). Thus, because granting Defendant leave to amend would not be futile, cause undue delay, or unduly prejudice Plaintiffs, and Defendant has not acted in bad faith, the

13
Case No. 20-CV-02798-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Court GRANTS Plaintiffs' motion for leave to amend. *See Leadsinger*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to amend the complaint, ECF No. 55. Accordingly, Plaintiffs may file the Third Amended Complaint, ECF No. 55, Ex. A, by July 15, 2021.

Moreover, because Plaintiffs may file the Third Amended Complaint, the Court DENIES as moot Plaintiffs' motion to dismiss the second amended complaint, ECF No. 61. Defendants may file another motion to dismiss once Plaintiffs file the Third Amended Complaint or the July 15, 2021 deadline for amendment has passed.

**IT IS SO ORDERED.**

Dated: July 13, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge