UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH SINCLAIR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN JOSE UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, et al.,<br><br>    Defendants. | Case No. 20-cv-02798-LHK (VKD)<br><br>**ORDER RE JULY 12, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 89 |

The parties ask the Court to resolve a dispute concerning plaintiffs' efforts to obtain discovery regarding defendant San Jose Unified School District's investigations, if any, of defendant Peter Glasser's alleged misconduct. Dkt. No. 89. The Court finds the matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that the disputed discovery is relevant and proportionate to the needs of the case and properly may be produced subject to an appropriate protective order.

I. **BACKGROUND**

Plaintiffs Fellowship of Christian Athletes and one of its local chapters (collectively, "FCA") and two former student members of the local chapter, Elizabeth Sinclair and Charlotte Klarke, allege that defendants San Jose Unified School District ("District") and several of its employees discriminated against FCA and its members based on their religious viewpoints, in violation of the Equal Access Act, 20 U.S.C. §§ 4071 et seq., and the First and Fourteenth Amendments. Dkt. No. 92.

As relevant to this discovery dispute, plaintiffs allege in the third amended complaint that on April 23, 2019, defendant Peter Glasser, a teacher at Pioneer High School, posted a copy of an FCA statement concerning "faith" and "sexual purity" on his classroom whiteboard and wrote

beneath it: "I am deeply saddened that a club on Pioneer's campus asks its members to affirm these statements. How do you feel?" *Id.* ¶ 7. The referenced statements included those describing "heterosexual sex outside of marriage" and "any homosexual acts" as "alternative lifestyles[s]" that are not "acceptable to God." *Id.* In addition, the statements included a requirement that any FCA student leader found to have engaged in extramarital sex or any homosexual act must "step down" from his or her leadership position. *Id.*

On May 2, 2019, Pioneer High School advised Ms. Sinclair and Ms. Klarke that the FCA club would no longer be recognized by the school, citing the District's nondiscrimination policies. *Id.* ¶¶ 9, 106; Dkt. No. 49 at 4. Thereafter, the District determined that other FCA clubs at other schools within the District also would not be recognized. Dkt. No. 92 ¶ 9.

Plaintiffs say that Mr. Glasser's posting of and commentary on FCA's statements disparaged their religious beliefs. *Id.* ¶ 7. They dispute as pretextual the District's reliance on its nondiscrimination policies in deciding to derecognize the FCA clubs. *Id.* ¶ 106. Plaintiffs also allege that Mr. Glasser and other defendants coordinated with other students and student organizations to harass FCA student members and that the District permitted this harassment, even though the harassment violated District policies. *Id.* ¶ 22.

In the joint discovery dispute submission, plaintiffs refer to other alleged misconduct by Mr. Glasser that is not described in the third amended complaint, including that Mr. Glasser referred to plaintiffs' religious beliefs as "bullshit" and that he suggested that the FCA "faith" and "sexual purity" statements amounted to sexual harassment and justified removing FCA clubs from the District's schools—a suggestion plaintiffs believe is evidence of pretext. Dkt. No. 89 at 5. Plaintiffs say that they and others complained to Pioneer High School principal Herbert Espiritu about Mr. Glasser's conduct and that they believe these complaints led to an investigation of the conduct by Mr. Espiritu and/or the District. *Id.*

Plaintiffs seek discovery of "all findings and conclusions from any District investigations into Peter Glasser's misconduct concerning the matters at issue in this case and any documents and information used to develop such findings." *Id.* at 7. Defendants object that such discovery is not relevant to any issue in the case and that discovery of the District's "personnel investigations"

of Mr. Glasser is an undue invasion of his right of privacy. *Id.* at 8, 10.[1]

## II. LEGAL STANDARD

Plaintiffs may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

As plaintiffs' claims arise under federal law, federal law governs whether a privilege or protection from discovery applies. *See* Fed. R. Evid. 501 (evidentiary privilege); Fed. R. Civ. P. 26(c)(1) (protective order); *see also Heathman v. U.S. Dist. Ct. for Cent. Dist. of California*, 503 F.2d 1032, 1034 (9th Cir. 1974) ("[I]n federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege.").

## III. DISCUSSION

The Court first considers whether the information plaintiffs seek is relevant and, if so, whether it is protected from discovery because of privacy considerations.

### A. Relevance

Plaintiffs argue that discovery of the District's investigations of Mr. Glasser's conduct relating to the FCA club is relevant because it will reveal whether the District uncovered evidence regarding what occurred and whether Mr. Glasser acted with animus towards plaintiffs' religious beliefs. In addition, plaintiffs say that such discovery will also reveal whether other defendants discouraged, encouraged, or ratified Mr. Glasser's alleged misconduct. *See* Dkt. No. 89 at 5-6. Defendants suggest that because any such investigations occurred after the events at issue in the case and because defendants have agreed to provide direct discovery concerning the events themselves, discovery of the District's investigations is unnecessary. *See id.* at 9, 11.

---

[1] In presenting this dispute, plaintiffs refer specifically to their Interrogatories Nos. 9 and 10, Requests for Production Nos. 33, 36, 39 and 42, and deposition questions that Mr. Espiritu and Jennifer Thomas (as Rule 30(b)(6) designee) were instructed not to answer. The District does not refer to specific discovery requests.

1     Defendants' arguments are not persuasive. The District's own contemporaneous
2  investigation of the events at issue is likely to be highly relevant to plaintiffs' claims of
3  discrimination. Indeed, defendants appear to agree that this discovery is relevant. *Id.* at 9
4  ("... Defendants' counsel advised during meet and confer efforts that Defendants did not object to
5  discovery about the District's investigations into Plaintiffs' complaints or alleged facts of the
6  case."). Although defendants argue that this discovery will be cumulative of other discovery, they
7  have not shown why this is necessarily so. Rather, defendants' principal objection appears to be
8  that "privacy protections exist for personnel actions and records." *Id.* The Court considers this
9  objection next.

### B.     Privacy of Personnel Records

11    Defendants say that Mr. Glasser has a right of privacy protected by the California
12  constitution that precludes discovery of his personnel records. *Id.* at 10. It is not clear whether
13  defendants intend to invoke an evidentiary privilege or some other form of protection, but they
14  appear to rely exclusively on California law, specifically the California constitution and other
15  California state law. Defendants do not explain why California law should govern discovery in
16  federal court with respect to claims arising under federal law.

17    Defendants cite *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) and *Breed v.*
18  *USDC, Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976) for the proposition that "[f]ederal
19  courts have expressly recognized that the constitutional right to privacy is a valid objection that
20  may be raised in response to discovery requests." Dkt. No. 89 at 10. Neither case refers to a right
21  of privacy arising under the California constitution or California state law. Certainly, the Supreme
22  Court has recognized privacy interests protected by the federal Constitution. *See, e.g., Whalen v.*
23  *Roe*, 429 U.S. 589, 598–600 (1977) (discussing different kinds of constitutionally-protected
24  privacy interests). However, defendants do not explain how discovery of information that may be
25  contained in Mr. Glasser's personnel records implicates any such constitutional rights.

26    Rule 26 provides that a court "may, for good cause, issue an order to protect a party or
27  person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.
28  26(c)(1). "Although the Rule contains no specific reference to privacy or to other rights or

4

interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times*, 467 U.S. at 35 n.21. Defendants do not describe what information they believe implicates Mr. Glasser's privacy interests, making it difficult for the Court to find good cause for a protective order precluding the discovery at issue or limiting the manner in which it may be disclosed. However, the Court infers from defendants' extended discussion of California state law that they believe Mr. Glasser's personnel records may contain confidential personal information and/or information that is damaging to his reputation. *See, e.g., Associated Chino Tchrs. v. Chino Valley Unified Sch. Dist.*, 30 Cal. App. 5th 530, 541 (2018) (describing privacy interests in teacher's personnel records protected from disclosure by state law). Giving defendants the benefit of the doubt on this point, the Court finds that to the extent the discovery plaintiffs seek encompasses materials properly characterized as Mr. Glasser's personnel records, a protective order is warranted to protect such records and their contents from public dissemination.

## IV. CONCLUSION

For the reasons explained above, the Court concludes that the discovery plaintiffs seek—i.e., "all findings and conclusions from any District investigations into Peter Glasser's misconduct concerning the matters at issue in this case and any documents and information used to develop such findings"—is relevant and proportionate to the needs of the case and must be produced if responsive to plaintiffs' discovery requests. Because such discovery may implicate Mr. Glasser's interest in maintaining the contents of his personnel records in confidence, the District may produce responsive documents and information on an outside counsel's eyes only basis or with other appropriate restrictions.[2]

**IT IS SO ORDERED.**

Dated: July 26, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] The Court encourages the parties to discuss and file a proposed protective order that will govern discovery of confidential information in this action. *See* Judge DeMarchi's Standing Order for Civil Cases, sec. 4 (stipulated protective orders) *available at* https://cand.uscourts.gov/judges/demarchi-virginia-vkd/.