1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6                         SAN JOSE DIVISION
7
8    ELIZABETH SINCLAIR, et al.,              Case No. 20-cv-02798-LHK (VKD)
                    Plaintiffs,
9
                                              **ORDER RE SEPTEMBER 24, 2021**
10        v.                                  **DISCOVERY DISPUTE**

11   SAN JOSE UNIFIED SCHOOL DISTRICT         Re: Dkt. No. 116
     BOARD OF EDUCATION, et al.,
12
                    Defendants.
13

14        The parties ask the Court to resolve a dispute concerning defendants' responses to

15   plaintiffs' requests for admissions.  The Court finds the matter suitable for resolution without oral

16   argument.  Civil L.R. 7-1(b).

17        For the reasons explained below, the Court grants defendants' request to withdraw their

18   deemed admissions to plaintiffs' RFAs Nos. 4-6, 18-20, 29 and 33.

19   I.    BACKGROUND

20        On June 11, 2021, plaintiffs Fellowship of Christian Athletes ("FCA") and two former

21   student members of the local chapter, Elizabeth Sinclair and Charlotte Klarke, served several

22   requests for admissions on defendants Nancy Albarran, Herb Espirirtu, and Peter Glasser.  Dkt.

23   No. 116-1.  Defendants say that, due to a calendaring error, they did not timely respond to these

24   requests for admissions.  Dkt. No. 116 at 2.  Defendants discovered the error on August 12, 2021

25   and served their responses.  *Id.*  Defendants served amended responses September 10, 2021.  Dkt.

26   No. 116-2.

27        The dispute before the Court concerns Requests for Admissions ("RFAs") Nos. 4-6, 18-20,

28   29 and 33.  Plaintiffs argue that these RFAs are deemed admitted and defendants should not be

United States District Court
Northern District of California

1  permitted to withdraw those admissions.  Defendants concede that the RFAs are deemed admitted

2  but seek permission to withdraw the admissions to conform to the amended responses served on

3  September 10, 2021.

4  **II.      LEGAL STANDARD**

5       Rule 36(a) of the Federal Rules of Civil Procedure provides that a request for admission is

6  deemed admitted unless the responding party timely serves a written answer or objection.  Fed. R.

7  Civ. P. 36(a)(3).  A matter admitted pursuant to Rule 36(a) is "conclusively established" unless a

8  court, "on motion," permits a party to withdraw or amend its admission.  Fed. R. Civ. P. 36(b).

9  Under Rule 36(b), a court "may permit withdrawal or amendment if it would promote the

10  presentation of the merits of the action and if the court is not persuaded that it would prejudice the

11  requesting party in maintaining or defending the action on the merits."  *Id.*  Because Rule 36(b) is

12  permissive, not mandatory, even if these requirements are met, a court may consider other factors

13  in deciding whether to exercise its discretion to grant relief.  *Conlon v. U.S.*, 474 F.3d 616, 621-22,

14  624-25 (9th Cir. 2007).

15  **III.     DISCUSSION**

16       As to each disputed RFA or set of RFAs the Court considers whether the requirements of

17  Rule 36(b) are met, and then considers whether any other factors bear on defendants' request to

18  withdraw the deemed admissions.

19       **A.      RFAs Nos. 18-20**

20       RFAs Nos. 18-20 ask defendants to admit that each of three San Jose Unified School

21  District high schools (Pioneer, Willow Glen, and Leland) "will not grant" the relevant FCA group

22  "ASB approval as long as the group requires its student leaders to affirm the FCA Statement of

23  Faith."  Dkt. No 116-1 at 12-13.  Defendants seek permission to object to the requests as vague,

24  ambiguous, overbroad, and calling for speculation, and to state that they lack sufficient

25  information to admit or deny the requests.  Dkt. No. 116-2 at 8-9.

26       The Court considers first whether permitting the defendants to withdraw their admissions

27  and amend their answers to these RFAs will promote the presentation of the merits of the action.

28  Defendants acknowledge that in the past FCA clubs have not been approved "because of their

United States District Court
Northern District of California

2

1    leadership requirements," but they argue that no FCA applications have been submitted for ASB

2    approval in academic year 2021-22 and that new application procedures have been adopted which

3    may bear on the question of whether the clubs will be approved.  Dkt. No. 116 at 3.  Plaintiffs

4    argue that "[i]t is undisputed that FCA still requires its leaders to affirm the FCA Statement of

5    Faith," and that the evidence obtained in discovery so far is inconsistent with defendants'

6    suggestion that the high schools might not deny recognition this year.  *Id.* at 7-8.  The parties

7    appear to agree that the question of whether approval will be granted or withheld is a central issue

8    in the case.  And while there appears to be little disagreement about the underlying facts, to the

9    extent there is a dispute about how each high school will respond to a request for approval that has

10   not yet been made, permitting the parties to present evidence will promote presentation of the

11   merits on this point.

12        The Court next considers whether permitting defendants to withdraw their admissions and

13   amend their RFA answers will prejudice plaintiffs' ability to prosecute the action on the merits.

14   Plaintiffs argue that they will be prejudiced by defendants' amendments because they relied on the

15   admissions in briefing their motion for a preliminary injunction and would have no opportunity to

16   take additional discovery before the hearing on that motion.  *Id.* at 7.  Defendants argue that this is

17   not the kind of prejudice Rule 36(b) contemplates.  They observe that plaintiffs have already taken

18   discovery on matters bearing on the contested admissions, and will have an opportunity to take

19   further discovery.  *Id.* at 4.  The Court agrees with defendants.  "When undertaking a prejudice

20   inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party

21   would suffer *at trial*."  *Conlon*, 474 F.3d at 623 (emphasis added).  In analyzing prejudice in

22   *Conlon*, the Ninth Circuit distinguished cases in which a party attempted to withdraw an

23   admission during or on the eve of trial (often very prejudicial), from cases in which a party

24   attempted to withdraw an admission at a time when the nonmoving party still had an opportunity

25   to adjust its trial strategy and presentation to accommodate the change (generally not prejudicial).

26   *Id.* at 623-24.  Reliance on deemed admissions in preparing a dispositive motion does not

27   constitute prejudice under Rule 36(b), particularly where an opportunity for further discovery

28   remains.  *Id.* at 624.  Here, fact discovery does not close until February 28, 2022, leaving plaintiffs

United States District Court
Northern District of California

3

1    ample opportunity to develop further evidence before trial.

2           Nevertheless, the Court has considered plaintiffs' argument that withdrawal of defendants'

3    admissions will prejudice their efforts to obtain preliminary injunctive relief.  The record does not

4    support this position.  The Court has examined the references to defendants' admissions in

5    plaintiffs' briefs in support of their motion for preliminary.  *See* Dkt. No. 116 at 6.  Plaintiffs have

6    indeed cited defendants' admissions of RFAs Nos. 18-20 in their motion and reply papers, but

7    these citations appear in a string of other citations to other evidence in the record on the same

8    point, reflecting the extensive discovery plaintiffs have already taken and relied upon regarding

9    ASB approvals.  The Court concludes that plaintiffs will not be prejudiced by withdrawal of

10   defendants' admissions to these RFAs.

11          **B.      RFAs Nos. 4-6**

12          RFAs Nos. 4-6 ask defendants to admit that the student FCA groups at each of the San

13   Jose Unified School District high schools (Pioneer, Willow Glen, and Leland) "permitted all

14   students . . . to attend its meetings." Dkt. No 116-1 at 9.  Defendants seek permission to object to

15   the requests as vague, ambiguous, overbroad, burdensome, and oppressive, and to state that they

16   lack sufficient information to admit or deny the requests. Dkt. No. 116-2 at 3-4.  In addition, and

17   notwithstanding their objections, defendants specifically deny that the student FCA groups

18   permitted all students to attend the groups' "leadership meetings." *Id.*  With respect to RFA No. 4,

19   which concerns the Pioneer student FCA group, defendants admit the request as to meetings other

20   than "leadership meetings." *Id.* at 3.  With respect to RFAs Nos. 5 and 6, which concern the

21   Willow Glen and Leland student FCA groups, defendants state that they lack sufficient

22   information to admit or deny the requests as to other meetings.  *Id.* at 3-4.

23          The Court considers first whether permitting the defendants to withdraw their admissions

24   and amend their answers to these RFAs will promote the presentation of the merits of the action.

25   Defendants say very little about these RFAs, except that they seek information within plaintiffs'

26   knowledge and "go directly to core factual and legal issues in the litigation." *See* Dkt. No. 116 at

27   3, 5.  Plaintiffs argue that other evidence in the record establishes that "all students are welcome to

28   attend FCA events and be members of FCA" and that defendants have no basis to deny the

United States District Court
Northern District of California

requests.  *Id.* at 9.  The parties appear to agree that the question of whether the FCA clubs excluded certain students from their meetings or permitted all students to attend is an important issue in the case.  In contending that the evidence is undisputed, plaintiffs do not address defendants' distinction between "leadership meetings" and other meetings or events.  There appears to be little disagreement about the underlying facts, but rather a disagreement about the interpretation of the RFAs.  However, to the extent there is a dispute about which students were permitted to attend which meetings of the FCA groups at each high school, permitting the parties to present evidence will promote presentation of the merits on this point.

The Court next considers whether permitting defendants to withdraw their admissions and amend their RFA answers will prejudice plaintiffs' ability to prosecute the action on the merits.  As with RFAs Nos. 18-20, plaintiffs argue that they will be prejudiced by defendants' amendments because they relied on the admissions in briefing their motion for a preliminary injunction and would have no opportunity to take additional discovery before the hearing on that motion.  *Id.* at 7, 9.  For the reasons explained above with respect to RFAs Nos. 18-20, the Court concludes plaintiffs' reliance on the deemed admissions in support of the motion for preliminary injunction does not constitute prejudice for purposes of Rule 36(b).

### C.    RFA No. 29

RFA No. 29 asks defendants to admit that "meetings of Student FCA Groups in the District are led by students."  Dkt. No 116-1 at 15.  Defendants seek permission to object to the request as vague, ambiguous, overbroad, compound, burdensome, oppressive, and calling for speculation.  Dkt. No. 116-2 at 11.  In addition, and notwithstanding their objections, defendants "[a]dmit that some Student FCA Group meetings in the District have been led by students in the past, but deny that all meetings have been led by students, or been led exclusively by students, and deny that there are any Student FCA Groups currently meeting within the District."  *Id.*

The Court considers first whether permitting the defendants to withdraw their admission and amend their answer to this RFA will promote the presentation of the merits of the action.  Defendants say very little about this RFA, except that it "pertain[s] to a threshold issue of whether Plaintiffs are entitled to the protections of the Equal Access Act" and that the deemed admission

United States District Court
Northern District of California

1    "contradicts much of the evidence revealed through discovery." Dkt. No. 116 at 3. Plaintiffs

2    argue that "unrebutted testimony and declarations establish[ ] that all student FCA meetings within

3    the District are student initiated and student-led." *Id.* at 9. The parties appear to agree that the

4    question of whether students led the meetings is an important issue in the case. In contending that

5    the evidence is undisputed, plaintiffs do not acknowledge or address defendants' partial admission

6    of this RFA, but again there appears to be little disagreement about the underlying facts.

7    However, to the extent there is a dispute about whether or to what extent the FCA meetings were

8    led by students, permitting the parties to present evidence will promote presentation of the merits

9    on this point.

10        The Court next considers whether permitting defendants to withdraw their admission and

11   amend their RFA answer will prejudice plaintiffs' ability to prosecute the action on the merits. As

12   with RFAs Nos. 18-20, plaintiffs argue that they will be prejudiced by defendants' amendments

13   because they relied on the admissions in briefing their motion for a preliminary injunction and

14   would have no opportunity to take additional discovery before the hearing on that motion. *Id.* at 7,

15   9. For the reasons explained above with respect to RFAs Nos. 18-20, the Court concludes

16   plaintiffs' reliance on the deemed admissions in support of the motion for preliminary injunction

17   does not constitute prejudice for purposes of Rule 36(b).

18        **D.    RFA No. 33**

19        RFA No. 33 asks defendants to admit that "[i]n the past 5 years, the Pioneer Student FCA

20   Chapter is the only student group at Pioneer that had its ASB approval revoked." Dkt. No 116-1

21   at 15. Defendants seek permission to object to the request as vague, ambiguous, overbroad,

22   burdensome, and oppressive. Dkt. No. 116-2 at 13. However, notwithstanding their objections,

23   defendants admit that, with respect to student-initiated clubs, "the Pioneer Student FCA Chapter is

24   the only student initiated club that had its ASB approval formally revoked in the past 5 years," but

25   deny that "it is the only group that has had its ASB approval status changed within the past 5

26   years." *Id.*

27        The Court considers first whether permitting the defendants to withdraw their admission

28   and amend their answer to this RFA will promote the presentation of the merits of the action. The

parties' dispute about this RFA is puzzling.  Defendants appear to have admitted the portion of the RFA that plaintiffs say is important to their claims.  *See* Dkt. No. 116 at 9.  Also, there appears to be little disagreement about the underlying facts.  However, to the extent there is a dispute about whether the Pioneer FCA group is the only student group at Pioneer that has had its ASB approval revoked in the past 5 years, permitting the parties to present evidence will promote presentation of the merits on the question of whether defendants selectively enforced their policies.

The Court next considers whether permitting defendants to withdraw their admission and amend their RFA answer will prejudice plaintiffs' ability to prosecute the action on the merits.  As with RFAs Nos. 18-20, plaintiffs argue that they will be prejudiced by defendants' amendments because they relied on the admissions in briefing their motion for a preliminary injunction and would have no opportunity to take additional discovery before the hearing on that motion.  *Id.* at 7, 9.  For the reasons explained above with respect to RFAs Nos. 18-20, the Court concludes plaintiffs' reliance on the deemed admissions in support of the motion for preliminary injunction does not constitute prejudice for purposes of Rule 36(b).

### E.  Other Factors

Having determined that both requirements of Rule 36(b) are met as to all disputed RFAs, the Court next considers whether there are any other factors that bear on the question of whether defendants should be permitted to withdraw their admissions.  Plaintiffs argue that defendants have not shown good cause for their delay in seeking to withdraw their admissions.  *Id.* at 7.  This argument is not persuasive.  Defendants have explained that they made a calendaring error, which they promptly sought to correct when they discovered it by notifying plaintiffs of the error and serving responses to the RFAs.  The parties then engaged in discussions about the need to seek relief from the Court as to a subset of those RFAs.  While plaintiffs' frustration with defendants' failure to timely respond to the RFAs is understandable, the Court finds no reason to conclude that defendants acted in bad faith or engaged in any other misconduct that warrants denial of permission to withdraw the deemed admissions.

The Court does not consider here whether defendants' objections to the RFAs are well-taken or whether their failure to completely admit the contested RFAs is non-meritorious for

United States District Court
Northern District of California

purposes of Rule 37(c)(2).

## IV.    CONCLUSION

For the reasons discussed above, the Court grants defendants' request to withdraw their deemed admissions to plaintiffs' RFAs Nos. 4-6, 18-20, 29 and 33, and to amend their responses as reflected in Dkt. No. 116-2.

**IT IS SO ORDERED.**

Dated: October 6, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

8