UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SINCLAIR, CHARLOTTE KLARKE, FELLOWSHIP OF CHRISTIAN ATHLETES, an Oklahoma corporation, and FELLOWSHIP OF CHRISTIAN ATHLETES OF PIONEER HIGH SCHOOL, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>SAN JOSÉ UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, in its official capacity, NANCY ALBARRÁN, in her official and personal capacity, HERBERT ESPIRITU, in his official and personal capacity, PETER GLASSER, in his official and personal capacity, and STEPHEN MCMAHON, in his official and personal capacity,<br><br>Defendants. | CASE No. 4:20-cv-2798-HSG<br><br>JUDGE: Hon. Haywood S. Gilliam, Jr.<br><br>**REVISED CONSENTED ENTRY OF JUDGMENT AND PERMANENT INJUNCTION**<br><br>Courtroom: Courtroom 2 – 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiffs Elizabeth Sinclair; Charlotte Klarke; Fellowship of Christian Athletes, an Oklahoma corporation ("FCA"); and Fellowship of Christian Athletes of Pioneer High School, an unincorporated association ("Pioneer FCA") (collectively "Plaintiffs"), and Defendants Nancy Albarran, Stephen McMahon, Peter Glasser, and Herbert Espiritu (collectively "Defendants"), all of whom are sued in both their official and individual capacities, are the Parties to this case.[1] The Board of Education of the San Jose Unified School District ("District") was originally named as a defendant, but was dismissed from the case. The Parties agree to enter into this Consented Entry of Judgment and Permanent Injunction ("Consent Judgment") providing for judgment in Plaintiffs' favor and a permanent injunction, as follows, in order to resolve all claims raised by Plaintiffs against Defendants and the District in this case.

Plaintiffs Elizabeth Sinclair, Charlotte Klarke, and FCA filed this case in 2020, and Pioneer FCA joined this case in 2021, alleging various federal constitutional and statutory violations on the part of Defendants. Plaintiffs moved for a preliminary injunction, which this Court denied in an unreported opinion. 2022 WL 1786574 (N.D. Cal. June 1, 2022). The Ninth Circuit reversed that decision in an opinion reported at 46 F.4th 1075. The Ninth Circuit then agreed to rehear the case en banc and vacated the panel's decision. 59 F.4th 997 (mem.). Shortly after the en banc oral argument, the Ninth Circuit reinstated Plaintiffs' injunction pending appeal and ordered Defendants "forthwith to recognize student chapters affiliated with the Fellowship of Christian Athletes, including the Pioneer High School student chapter, as official 'Associated Student Body' approved clubs." 64 F.4th 1024, 1025. Then, on September 13, 2023, the Ninth Circuit reversed the district court's denial of a preliminary injunction and directed this Court "to enter an order reinstating FCA's ASB recognition." 82 F.4th 664, 696. The history of this litigation and the events leading up to it are recounted at length in the en banc Ninth Circuit's September 2023 decision.

Plaintiffs and Defendants, desiring that this action be settled by appropriate consent judgment and without the burden of protracted litigation, agree to the jurisdiction of this Court over the Parties and the subject matter of this action. Subject to the Court's approval of this consent judgment and permanent

---

[1] Charlotte Klarke has since married and taken the last name TerBest.

injunction, the Parties waive a hearing and findings of fact and conclusions of law on all issues, including those unaddressed by the Ninth Circuit's en banc decision.

The Parties further agree that this Consent Judgment—in addition to the separately signed Settlement Agreement and Release—resolves all issues raised in the Complaint, and is final and binding on Plaintiffs, Defendants, and their respective officials, agents, employees, and successors, and all persons acting on their behalf or in active concert and in participation with them, including the San Jose Unified School District Board of Education. The Parties have entered into a separate Settlement Agreement and Release to fully and finally resolve the entire dispute between them. The Settlement Agreement is contingent upon complete and unaltered entry of this Consent Judgment.

It is therefore, ORDERED, ADJUDGED, and DECREED as follows:

### Ninth Circuit En Banc Decision and Injunctive Relief

In light of the decision of the en banc Ninth Circuit, Plaintiffs have demonstrated success on the merits of their First Amendment Free Exercise and Free Speech claims and their Equal Access Act claim, established irreparable injury in relation to those claims, and shown that injunctive relief is in the public interest and supported by the equities. *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Ed.*, 82 F.4th 664 (9th Cir. 2023) (en banc).

### Resolution of the Litigation

A.  Defendants agree that they shall not appeal from any ruling that adopts this Consent Judgment. Defendants further agree that the relief granted herein is fair and equitable, and that they will defend the terms of this Consent Judgment if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein.

B.  Plaintiffs agree that they shall not appeal from any ruling that adopts this Consent Judgment. Plaintiffs further agree that the relief granted herein is fair and equitable, and that they will defend the terms of this Consent Judgment if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein.

C. The parties agree that judgment should be entered in Plaintiffs' favor on Counts I, II, III, IV, V, and VIII, and that Plaintiffs are prevailing parties in this litigation. Plaintiffs agree that if this Consent Judgment is adopted by the Court in its entirety: 1) their remaining claims shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a); 2) their claims against Defendants Stephen McMahon, Peter Glasser, and Herbert Espiritu in their individual and official capacities, and their claims against Nancy Albarran in her individual capacity, shall be dismissed with prejudice; and 3) this unmodified Agreement shall be construed as a self-executing notice of voluntary dismissal by Plaintiffs of such remaining claims with prejudice pursuant to Rule 41(a).

D. The Parties agree that, in the event this Consent Judgment is appealed or subsequently modified, Plaintiffs may appeal that action, and, in the event the Consent Judgment is not upheld, Plaintiffs may re-assert any or all of Claims VI, VII, and IX-XII in that circumstance and Defendants may re-assert all defenses.

E. The Parties agree that as of the date that this Consent Judgment is entered by the Court, they will begin to perform their respective obligations under it.

F. The Parties agree that Plaintiffs are the prevailing parties and therefore are entitled to reasonable attorneys' fees and costs, the amount of which is resolved by the Parties' separate Settlement Agreement.

**Injunction and Order**

Accordingly, in light of the foregoing and upon Plaintiffs' and Defendants' consent:

1. The Court has determined that it has jurisdiction over the matters alleged in Plaintiffs' Complaint and that venue is proper in this Court.

2. The Court has determined that this Consent Judgment is fair, reasonable, equitable, lawful, and in the public interest.

3. For the 2023-24 school year, Defendant Nancy Albarran, in her official capacity as the Superintendent of the San José Unified School District, and her successors, agents, and all those acting in concert with her, including the San Jose Unified School District Board of Education, are REQUIRED to grant to all student groups within the District that are affiliated with Plaintiff FCA, including Plaintiff Pioneer FCA, status as officially recognized student groups, including as "Associated Student Body" approved student groups, and to confer upon them all of the benefits, rights and privileges of such status

and all of the benefits, rights and privileges that are otherwise conferred by each such group's school site upon any other noncurriculum related student group.

4. For the 2023-24 school year and each future school year, Defendant Nancy Albarran, in her official capacity as the Superintendent of the San José Unified School District, and her successors, agents, and all those acting in concert with her, including the San Jose Unified School District Board of Education, shall ensure that the District and its officers, employees, agents, and all those acting in concert with any of them, are PROHIBITED from:

    a. denying any student group within the District that is affiliated with Plaintiff FCA ("FCA group") (i) status as an officially recognized student group (including as an official "Associated Student Body" approved student group), or (ii) any benefit, right, or privilege attendant to such status or otherwise conferred by such FCA group's school site upon any noncurriculum related student group, because such FCA group requires its leaders to affirm their agreement with certain of the FCA group's religious beliefs (including religious beliefs pertaining to human sexuality or marriage) and to conduct themselves in accordance with such beliefs (such requirement shall be referred to herein as "leadership requirements"); or

    b. imposing on any FCA group any rule that (i) has the effect of prohibiting or penalizing such group's application of its leadership requirements, or (ii) does not apply equally to all other noncurriculum related student groups at such group's school site.

5. The term "noncurriculum related student group" has the same meaning as it does in the Equal Access Act, 20 U.S.C. §§ 4071-4074, as interpreted in *Board of Education v. Mergens*, 496 U.S. 226 (1990). For purposes of this Consent Judgment only, the category of noncurriculum related student group shall not be understood to include groups of students or school activities that officially represent the school district, are supervised or financed by the school district, and gather for performance before an audience or spectators (such as a school football team or school play); or District-run programs that are both led and supervised by District employees or sub-contractors and that are neither initiated nor run by students (such as a mentorship group organized and run by a school social worker).

6. ORDERED that this permanent injunction shall take effect immediately; and

7. ORDERED that, because the parties' Agreement is approved without modification by this Court, pursuant to paragraphs C and D of the Agreement, Plaintiffs' notice of voluntary dismissal with prejudice of Counts VI, VII, and IX-XII, of all claims against the Defendants in their individual capacities, and of all claims against Defendants McMahon, Espiritu, and Glasser, is hereby entered and those claims are DISMISSED; and

8. ORDERED that Plaintiffs are the prevailing party and entitled to attorneys' fees, the amount of which is resolved by the Parties' separate Settlement Agreement; and

9. ORDERED that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary, including over any disputes arising from the separate Settlement Agreement.

IT IS SO ORDERED.

Dated: 5/6/2024

_____
THE HONORABLE HAYWOOD S. GILLIAM, JR.